WILLIAM H. REED, PLAINTIFF IN ERROR, V. JAMES W. SMITH, DEFENDANT IN ERROR.

Costs: SHERIFF'S FEES: ITEMIZATION. In the taxation of costs. there was allowed to the defendant, upon the dissolution of the attachment, an item of sheriff's fees of $190 for "care, preservation, and custody of attached property." The charge was not itemized, except as above, nor was it contained in the sheriff's. return, but appears to have been taken from the fee book of the district court. The order of the district court, denying the defendant's motion to retax the said item of fees, *Held*, Error, and the court instructed to require the sheriff to itemize the particulars of said charge, and make a showing of the facts upon which. it is founded.

ERROR to the district court for Sherman county. Tried. below before TIFFANY, J.

*James E. Philpott*, for plaintiff in error.

No appearance for defendant in error.

COBB, J.

This cause comes to this court on error to the district court of Sherman county, for alleged error in its judgment upon a motion to retax the costs in a case there lately determined in said court. There was an attachment issued in the main case, and a large amount of property, both real and personal, attached by the sheriff. On motion of the defendant the attachment was quashed, and the attached property discharged at the cost of the plaintiff, and judgment for said costs rendered in favor of the defendant. Amongst the items of costs taxed to the plaintiff under such proceedings were the following sheriff's fees:

"Posting 698 copies of order of attachment, $174.50; care, preservation, and custody of attached property, $190."

The plaintiff moved the court for an order requiring the

clerk to retax the costs in the said items of fees of said sheriff in such sums and amounts as the court should direct. In which motion it was alleged that said items were illegal, excessive, and not authorized by law. Said motion was made upon so much of the record in the case as contains and shows the order of attachment, the sheriff's return thereto, the said sheriff's proceedings had and done thereunder, and the order of the court dissolving the said attachment.

Upon the hearing of the said motion the court decided and adjudged "that the said motion be sustained as to 603 notices posted on lots, and as to 15 notices posted on lands, and that the said sheriff be allowed no fees or compensation for posting the said 618 notices so as by him heretofore charged as part of his fees, etc., and that the said clerk retax the costs accordingly, and the said motion, as to the other items therein contained, be overruled."

Section 33 of chapter 28, Comp. Stat., provides that, "No sheriff, coroner, or constable shall be entitled to receive on *mesne* or final process any fees provided for in this chapter, unless he shall return upon the process upon which any charge shall be made the particular items of such charge."

No item of charge for care, preservation, or custody of attached property is contained in the sheriff's return to the order of attachment, but it does appear in the certified copy of the fee book of the district court, returned with the record. How it got there does not appear. It is doubtful that the case is covered by the provision of statute cited by counsel for plaintiff in error, and above quoted, as no provision is contained in the chapter quoted from providing compensation to officers serving orders of attachment for the care, preservation, or custody of attached property. Yet doubtless the court would have the power to award compensation, as fees, in a proper case, and upon a satisfactory showing, to an officer rendering such services.

In the case at bar it does appear, however, from the sheriff's return to the order of attachment, that the personal property attached, or a part of it, was delivered by him to A. J. Smith upon a forthcoming bond with security.

We are all of the opinion that the taxation of the item of $190 to the sheriff for care, preservation, and custody of attached property, without a showing of the facts upon which a claim for such amount was founded, or even an itemization of the charges constituting such sum, was wrong.

The order of the district court is therefore reversed, and the cause remanded to that court for further proceeding, and with instructions to that court to require the sheriff to itemize the particulars of said charge and make a showing of the facts upon which it is founded.

JUDGMENT ACCORDINGLY.

THE other judges concur.